**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Edgar Manuel Sierra-Serrano,

  Petitioner,

v.

Warden, FCI Sandstone,

  Respondent.

No. 25-cv-2274 (KMM/EMB)

**ORDER**

---

On May 29, 2025, Petitioner Edgar Manuel Sierra-Serrano filed a Petition for a Writ of Habeas Corpus alleging that "the Federal Bureau of Prisons is miscalculating his good conduct time, First Step Act time credits, and Second Chance Act credits—and ultimately his Conditional Transition to Community date," which depends on the calculation of those credits. (Dkt. 1-1 at 1 (cleaned up).) As relief, he seeks declarations from the Court "establishing the maximum number of [time credits he] can earn over the life of his sentence" and "establishing [his] Conditional Transition to Community date to be July 2, 2026[.]" (Dkt. 1-1 at 6.) The matter is before the Court on United States Magistrate Judge Elsa M. Bullard's Report and Recommendation (R&R) (Dkt. 15) recommending that Petitioner Edgar Manuel Sierra-Serrano's Petition for a Writ of Habeas Corpus (Dkt. 1) be denied. Mr. Sierra-Serrano did not file objections to the R&R.

In the absence of objections, the Court reviews an R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). The Court

1

discerns no error in Judge Bullard's R&R. As the R&R notes, the number of credits that Mr. Sierra-Serrano is entitled to—and thus when he would potentially be eligible for a Conditional Transition to Community—depends on events that may or may not happen in the future. (*See* Dkt. 15 at 5–7.) Even then, "any transfer to prelease custody . . . would be wholly discretionary on the part of the Bureau of Prisons." (*Id.* at 8.) The Court agrees with Judge Bullard's conclusion that, as a result, Mr. Sierra-Serrano has raised only a speculative risk of harm, which is insufficient for this Court to have jurisdiction over his Petition. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 438 (2021) (concluding a future risk of harm was too speculative to establish Article III standing). Therefore, the Court adopts the R&R and dismisses the Petition without prejudice. *See County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464–65 (8th Cir. 2004) (stating that a dismissal solely on jurisdictional grounds should be without prejudice).

Before concluding, the Court notes that Mr. Sierra-Serrano has asked the Clerk's Office to calculate his First Step Act (FSA) credits.[1] (Dkt. 16.) Unfortunately, neither the Court nor the Clerk's Office can do so. Neither has the information required to make such a calculation, and it is the Bureau of Prison's job to do so in the first instance.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. The Magistrate Judge's Report and Recommendation (Dkt. 15) is **ACCEPTED**;

---

[1] The Court construes Mr. Sierra-Serrano's letter as a motion to calculate his FSA credits. *See Associated Elec. Co-op., Inc. v. Mid-Am. Transp. Co.*, 931 F.2d 1266, 1273 (8th Cir. 1991) (stating that "a letter may constitute a valid motion[]").

2.  Petitioner Edgar Manuel Sierra-Serrano's Petition for a Writ of Habeas Corpus (Dkt. 1) is **DENIED**; and

3.  This matter is **DISMISSED WITHOUT PREJUDICE**.

**Let Judgment be entered accordingly.**


Date: March 24, 2026                                  *s/Katherine M. Menendez*
                                                          Katherine M. Menendez
                                                          United States District Judge